UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AON PLC, AON CORPORATION, and AON FAC, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALLIANT INSURANCE SERVICES, INC., LOUIS AMBRIANO, NICHOLAS AMBRIANO, JUAN APONTE, OWEN BUSCAGLIA, ANDREW MASSE, RACHEL MCALLISTER, CHRISTOPHER MEDLICOTT, MICHAEL O'BRIEN, and ROBERT OSBORNE, <br><br> Defendants. | Case No. 23-cv-03044 <br><br> Hon. John J. Tharp, Jr. |

## DECLARATION OF LOUIS AMBRIANO

I, LOUIS AMBRIANO, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am named as a defendant in this action. I am located within the United States and am a resident of New York, am over the age of 18 years and am fully familiar with the facts set forth herein. If called to testify as a witness in this action, I could and would testify to these same facts.

2. Aon contends in paragraph 83 of the Complaint that "[t]he day before he resigned, L. Ambriano had lunch with Aon's client, Client A. Client A is one of Aon's largest Facultative Reinsurance group clients. L. Ambriano plainly was aware that he was joining Alliant the next day, and nevertheless lunched with the client in order to ultimately bring that client over to Alliant." It is true that I did have lunch with underwriters from a well-known insurance carrier (which I presume is who Aon means as "Client A") on April 19th, but that lunch date had been on

my calendar for several weeks. Another Aon colleague, who is still at Aon, was also at the lunch. At the time, I did not know I would be joining Alliant the next day. I did not "lunch[] with the client in order to ultimately bring that client over to Alliant," as Aon claims. That part of Aon's story is false.

3. Since my departure, I have not worked on any business for "Client A" that was a renewal to Aon or was previously submitted to Aon for "Client A." In fact, immediately prior to my resignation, I placed two pieces of business for Aon, one of which was for what I believe to be "Client A." I did so because I worked loyally for Aon until the time of my resignation.

4. I have not sought or worked on any business at Alliant that was a renewal to Aon or was previously submitted to Aon by carrier cedents with whom I worked over my last two years at Aon. Aon is seeking to preclude me from pursuing entirely new business through insurance carriers (who are widely and publicly known) that is not Aon renewal business and is not business that was ever submitted to Aon.

5. Aon alleges in paragraph 84 of its Complaint that I came into the Aon office on April 20th to take Aon information. Again, Aon is making up allegations that are not true. I did not take any Aon information and I left my Aon laptop fully operational in Aon's office on the day of my April 20th departure. I did not take any Aon work materials with me. The only things I left the office with were my own, personal items – not work materials. To my knowledge, after a thorough search, I have no Aon work materials in my possession. I have not wrongfully or improperly taken, used or disclosed any Aon confidential, proprietary or trade secret information.

6. I have not solicited any Aon employee to join Alliant.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 23, 2023.

_____
LOUIS AMBRIANO